UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS G. STREET,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
_____/

Case No. 08-14201

DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE
CHARLES E. BINDER

**AMENDED ORDER
ADOPTING THE REPORT AND RECOMMENDATION [18],
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [15],
DENYING PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT [12],
and
DISMISSING THE CASE**

On October 1, 2008, Thomas Street ("Plaintiff") filed suit seeking judicial review of a final decision by which the Commissioner of Social Security ("Defendant") disallowed Plaintiff's claims for Social Security benefits. In denying Plaintiff's claims, the Defendant Commissioner considered chronic obstructive pulmonary disease ("COPD") and affective disorders as possible bases of disability. *See* Tr. at 30, 45-49. Plaintiff's alleged onset date was February 1, 2002.

Pursuant to Local Rule 72.1(b)(3), "all cases seeking review of a denial of social security benefits [are] assigned both to a district judge and a magistrate judge." On March 2, 2010, the Magistrate issued a Report and Recommendation ("R&R") [18] recommending that the Court deny Plaintiff's Motion for Summary Judgment [12] and grant Defendant's Motion for Summary Judgment [15]. On March 16, 2010, Plaintiff filed Objections [19] to the Report and Recommendation. Defendant filed a Response [20] to Plaintiff's Objections on March 30, 2010.

1

Those filings are now before the Court.

## I. STANDARD OF REVIEW

Judicial review of facts found by the Administrative Law Judge ("ALJ") is limited to an evaluation of whether those findings are supported by substantial evidence and whether the proper legal standards were applied. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The Court must examine the administrative record as a whole. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). However, the Court does not review the evidence *de novo*, make credibility determinations, or weigh the evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court must affirm an ALJ's decision if the findings and inferences reasonably drawn from the record are supported by substantial evidence, even if the record could support a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

Under 28 U.S.C. § 636(b)(1), a magistrate judge's orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The "clearly erroneous" standard requires the Court to affirm the Magistrate's decision unless, after reviewing the entirety of the evidence, it "is left with the definite and firm conviction that a mistake has been committed." *Sandles v. U.S. Marshal's Service*, 2007 WL 4374077, 1 (E.D. Mich. 2007) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

This Court reviews *de novo* any objections to a Magistrate's Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Here, Plaintiff has filed Objections, and the assignments of error are considered below.

## II. PLAINTIFF'S OBJECTIONS

2

In his Objections [19] to the Magistrate's R&R, Plaintiff raises several issues for the Court's *de novo* review. Specifically, Plaintiff contends that: (1) the Magistrate erroneously found the ALJ's hypothetical was to be consistent with the record evidence regarding Plaintiff's pulmonary limitations; (2) the ALJ erred in finding that Plaintiff failed to establish that certain symptoms constituted severe impairments for twelve continuous months; (3) the Magistrate did not address the ALJ's disregard of evidence that Plaintiff suffers from mental disorders; (4) the ALJ's decision is superficial and fails to engage all relevant evidence; (5) the Magistrate did not address the ALJ's failure to make a proper determination regarding Plaintiff's credibility; and (6) the Magistrate erroneously held that the ALJ reasonably inquired as to any conflicts between the testimony of the vocational expert ("VE") and the Dictionary of Occupations ("DOT").

In Response [20], Defendant argues that Plaintiff's objections simply restate the same arguments presented to the Magistrate at the summary judgment stage. Suggesting that Plaintiff "simply desires a second bite at the apple," Defendant urges the Court to adopt the R&R.

## I. *Sufficiency of the Hypothetical*

Plaintiff objects that the Magistrate erred in finding that the ALJ posed an accurate and sufficient hypothetical to the Vocational Expert. *See* Obj. at 1. Specifically, Plaintiff objects that the ALJ "ignore[d] Plaintiff's COPD." *Id*.

Sixth Circuit case law has upheld disability determinations in which an ALJ has "translated [the plaintiff]'s condition into . . . concrete restrictions . . . and duly incorporated them into his hypothetical to the vocational expert." *See Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). "A hypothetical question that an ALJ poses to a [vocational expert] must only include those limitations that are supported by the record." *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th

3

Cir. 1987).

The Court observes that the ALJ did not "ignor[e] Plaintiff's COPD," as Plaintiff contends. *See* Obj. at 1. Rather, the ALJ explicitly acknowledged Plaintiff's COPD in the written decision, but rejected it as a basis for a finding of disability. *See* Tr. at 27 ("The claimant also has a severe impairment of COPD, which causes him to experience shortness of breath; however, this condition is not work preclusive pursuant to the evidence of record."). Defendant collects the record evidence that could reasonably support the ALJ's conclusion. *See* Def.'s Mot. S.J. at 13 (citing Sixth Circuit authority for the proposition that "Plaintiff's continued smoking [is] inconsistent with his claims of debilitating pulmonary impairment"; also citing record evidence that Plaintiff refused smoking cessation classes and declined medication to help him quit, that pulmonary test results were inconsistent, that "Plaintiff's lungs were consistently clear upon examination with normal breath sounds and no wheezes," and that Plaintiff's symptoms were responsive on those occasions when Plaintiff consented to treatment). *See id.* at 13-14.

The Court finds that substantial evidence supported the ALJ's decision to exclude Plaintiff's COPD from the hypothetical. The Court further finds that, in all relevant respects, the ALJ "translated [the plaintiff]'s condition into . . . concrete restrictions . . . and duly incorporated them into his hypothetical to the vocational expert." *See Smith*, 307 F.3d at 379.

Therefore, Plaintiff's Objection is **DENIED** on this issue.

*II. Continuity of Impairments*

Plaintiff objects that the ALJ made a "contention that [certain] impairments did not last 12 months." *See* Obj. at 1.

Plaintiff does not direct the Court to this "contention," and no such contention is immediately

4

evident in the ALJ's written decision. Furthermore, the ALJ explicitly incorporated some discussion of at least one of the symptoms (headaches) that Plaintiff objects the ALJ has ignored. *See* Tr. at 27.

As the Magistrate advised the parties, "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." *See* R&R at 13. The Court finds that Plaintiff's objection regarding the continuity of certain impairments falls short of the specificity requirement of Fed. R. Civ. P. 72(b)(2). Therefore, Plaintiff's Objection is **DENIED** on this issue.

### III. *ALJ's Treatment of Evidence of Plaintiff's Mental Disorders*

Plaintiff objects that "the ALJ completely ignores and the Magistrate fails to address the fact that Plaintiff suffers from mental disorders." *See* Pl.'s Obj. at 2. Plaintiff cites record evidence demonstrating that Plaintiff has some history of depression and of taking anti-depressant medications. *Id.* at 2-3. The Court finds that Plaintiff is correct in noting that the ALJ's written decision failed to include any discussion of Plaintiff's psychological health (although the ALJ did discuss a finding that "[n]eurologically, the claimant was reported as testing within normal limits"). *See* Tr. at 27. It appears that there existed record evidence that could have triggered the ALJ's application of the provisions of 20 C.F.R. 404.1520a regarding the "evaluation of mental impairments." This Court would have urged that some discussion of Plaintiff's mental health history be included in the ALJ's written decision.

Plaintiff is incorrect, however, in asserting that the Magistrate similarly failed to acknowledge Plaintiff's potential mental limitations. Indeed, the Magistrate's discussion of the administrative record included review of the findings that Plaintiff "has no problems paying attention, following directions, getting along with others, or handling stress." *See* R&R at 11. (citing

5

Tr. at 68-75). The administrative record includes a contact report noting that although Plaintiff has previously been diagnosed with bipolar disorder, he "did not claim this as one of his problems" in his application for disability benefits. *See* Tr. at 68. Similarly, the original "Notice of Disapproved Claim" that Plaintiff received in his case confirmed that Plaintiff only "said [he was] disabled because of VERTEBRA PROBLEM, NECK AND BACK, RESPIRATORY PROBLEMS." *See* Tr. at 45. That letter acknowledged mental health evidence, despite the fact that it apparently fell outside of Plaintiff's stated claim for disability. *See id.* ("The medical evidence shows that you may be depressed at times. You are still able to remember, understand and communicate with others. You are able to carry on with your regular activities. Your condition does not prevent you from doing work which does not require heavy lifting.").

After conducting a *de novo* review of the administrative record, the Court concludes that, despite the existence of some evidence relevant to Plaintiff's mental health history, such evidence was not the basis of Plaintiff's claim for disability. Therefore, the ALJ was justified in excluding the mental health evidence from the overall disability analysis.

Accordingly, Plaintiff's objection on this point is **DENIED**.

### IV. *Brevity of the ALJ's Decision*

Plaintiff objects that "the ALJ's decision is incomplete and fails to give the proper analysis to Plaintiff's impairments," and that it "is only a few paragraphs long, glossing over the evidence generally, stating arbitrarily that it supports the ALJ's analysis and determination." *See* Pl.'s Obj. at 3.

This objection, itself, is too general to direct the Court in a meaningful judicial review. The Court finds that Plaintiff's objection regarding the brevity of the ALJ's decision falls short of the

specificity requirement of Fed. R. Civ. P. 72(b)(2). Therefore, Plaintiff's Objection is **DENIED** on this issue.

V. *ALJ's Credibility Determination*

Plaintiff objects that the Magistrate did not address the ALJ's failure to make a proper determination regarding Plaintiff's credibility. *See* Obj. at 4-5. The Court agrees that the R&R does not specifically address the ALJ's finding that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." *See* Tr. at 27.

Defendant concedes, and the Court agrees, that "the ALJ could have articulated his credibility analysis in greater detail." *See* Def.'s Mot. S.J. at 12. However, the written decision indicates the ALJ's consideration of "the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to do basic work activities." *See* Tr. at 26. The ALJ recites the correct legal standard, acknowledging that he is required to "make a finding on the credibility of the statements based on a consideration of the entire case record." *Id*. Contrary to Plaintiff's suggestion, the ALJ also cites the seven factors to be considered, in addition to objective medical evidence, when assessing a claimant's credibility. *See id.* (citing 20 C.F.R. 416.929( c )); Pl.'s Mot. S.J. at 11. The Court observes that the ALJ's discussion directly addresses: the first listed factor ("claimant's daily activities"); the second factor ("location, duration, frequency, and intensity of the claimant's pain or other symptoms"); the fourth factor ("type, dosage [and] effectiveness" of claimant's medications); and the fifth factor ("treatment, other than medication," that Plaintiff has received). *See* Tr. at 26-27. The ALJ's

discussion does not address the impact of any potential side effects of Plaintiff's medication, as provided in the fourth factor. *See id.*; *see also* Pl.'s Obj. at 5 (claiming that "side effects from [Plaintiff's] other medications [include] headaches and 'goofy' feeling"). Nor does it explicitly address factors that may aggravate Plaintiff's symptoms, measures other than treatment that Plaintiff may use to alleviate pain, or "other" factors, as provided in the third, sixth, and seventh criteria. *See* Tr. at 26-27.

The ALJ's written decision specifically incorporated at least some of Plaintiff's subjective testimony regarding his "constant pain," his "decreased range of motion," the "progressiv[e] worsen[ing]" of his condition, his inability to turn his head, and his continuing use of prescription medications. *See id.* at 27. As Plaintiff notes in his Objections [19], the ALJ's decision did not specifically incorporate other parts of Plaintiff's subjective testimony. *See* Pl.'s Obj. at 5 ("Plaintiff does not do household chores often, and requires help from his wife.") However, the ALJ's decision also did not specifically incorporate other record evidence that would tend to weigh against Plaintiff's credibility. *See* R&R at 8 (noting that the March, 2005, assessment of Plaintiff's Residual Functional Capacity found him "only 'partially credible'"; noting also that an examining physician retained by Disability Determination Services "noted that Plaintiff 'tended to give diagnoses rather than symptoms' and that Plaintiff's 'symptoms and lack of joint motion raised a serious question . . . as to his level of effort'").

Had the written report provided a more explicit statement of the ALJ's reasons for arriving at his ultimate credibility determination, this Court would have a more comfortable basis for judicial review. Nevertheless, considering *de novo* the administrative record as a whole, the Court finds that the ALJ applied the correct legal standard and that he clearly considered, but rejected, Plaintiff's

subjective testimony that would weigh in favor of a finding of disability. *See Cutlip*, 25 F.3d at 286. Further, "[s]ince the ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993). The Court concludes that the ALJ's credibility findings were supported by substantial evidence, and should not be overturned on review. *See Key*, 109 F.3d at 273.

Therefore, Plaintiff's Objection on this issue is **DENIED**.

VI. *ALJ's Inquiry Into Conflicts Between Vocational Expert Testimony and the DOT*

Finally, Plaintiff objects that the Magistrate erred by finding that the ALJ reasonably inquired as to any conflicts between the vocational expert testimony and the DOT. *See* Obj. at 6. Specifically, Plaintiff argues that the Magistrate's affirmation of the ALJ's inquiry "ignores SSR 004p's requirement that the ALJ 'verify' the VE's testimony." *Id*.

Plaintiff's objection does not acknowledge the Sixth Circuit authority, cited by the Magistrate Judge, holding that "[i]n this Circuit, Social Security Ruling 00-4p is satisfied . . . by the ALJ simply asking the VE if his testimony is consistent with the DOT." *See* R&R at 12 (citing *Martin v. Comm'r of Soc. Security*, 170 Fed. App'x 369, 375-76 (6th Cir. 2006)). Plaintiff also fails to engage the Magistrate's further collection of extensive authority for the proposition that "the ALJ was not under any obligation to inquire any further into the accuracy of the VE's testimony." *See id.* (collecting cases).

In the absence of any citation by Plaintiff of legal authority to the contrary, the Court finds that the Magistrate's conclusion is neither "clearly erroneous [n]or contrary to law." *See Curtis*, 237 F.3d at 603. Thus, the Court will not disturb the Magistrate's recommendation regarding the ALJ's

9

failure to inquire as to any conflicts between the vocational expert testimony and the DOT, and Plaintiff's Objection is **DENIED** as to this issue.

### III. CONCLUSION

The Court having reviewed the administrative record, the Magistrate's Report and Recommendation, and the parties' pleadings in this case, and being fully advised in the premises,

**IT IS HEREBY ORDERED** that the Report and Recommendation [18] of the Magistrate Judge is hereby **ADOPTED**. Plaintiff's Objections [19] thereto are **DENIED**.

Accordingly, Defendant's Motion for Summary Judgment [15] is **GRANTED**, and Plaintiff's Motion for Summary Judgment [12] is **DENIED**.

The case is hereby **DISMISSED**.

**SO ORDERED.**

> **S/ARTHUR J. TARNOW**
> **Arthur J. Tarnow**
> **United States District Judge**

**Dated: March 31, 2010**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2010, by electronic and/or ordinary mail.**

> **S/LISA M. WARE**
> **Case Manager**