UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS G. STREET,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No.  08-14201

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

_____/

**ORDER DENYING PLAINTIFF'S APPLICATION FOR ATTORNEY FEES
[33]**

## I. Introduction

Before the Court is Plaintiff Thomas G. Street's Application for Attorney Fees [33] under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The application was filed on January 18, 2013. Plaintiff seeks attorney fees in the total amount of $15,804.20.

## II. Background

Plaintiff filed applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on November 10, 2004. The applications were denied initially and upon reconsideration on April 5, 2005. Plaintiff filed a timely Request for Hearing on May 13, 2005, and appeared and testified at an administrative hearing on November 27, 2007 before Administrative Law Judge

("ALJ") Thomas L. English. ALJ English issued a decision denying Plaintiff's application for benefits, which was dated December 17, 2007.

Plaintiff filed a timely Request for Review of Hearing Decision with the Social Security Administration's Appeals Council. On May 29, 2008, the Appeals Council reviewed the case and issued a decision denying Plaintiff's application for benefits, thus rendering a final administrative decision by the Commissioner.

Plaintiff filed a timely Complaint for Judicial Review before this Court on October 1, 2008, pursuant to 42 U.S.C. § 405(g). On March 31, 2010, this Court affirmed the Commissioner's decision, and Plaintiff filed a timely appeal before the Sixth Circuit Court of Appeals. The Sixth Circuit panel rendered a decision reversing and remanding the case for further proceedings on March 22, 2012. This Court issued an Order [31] remanding the case to the ALJ for reconsideration on April 25, 2012.

On January 18, 2013, Plaintiff filed the instant Application for Attorney's Fees [33], in the total amount of $15,804.20, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

### III. Analysis

In order to recover attorney fees under the Equal Access to Justice Act: (1) Plaintiff must submit a timely fee application; (2) the Plaintiff must be a "prevailing party;" (3) the position of the United States must not have been "substantially

justified;" and (4) no special circumstances must make an award of fees unjust. *See Comm'r v. Jean*, 496 U.S. 154, 158 (1990).

## A. Timely Fee Application

A party seeking attorney fees under the EAJA must file its application within thirty days of a final judgment in the civil action. 28 U.S.C. § 2412(d)(1)(B). Pursuant to 28 U.S.C. §§ 2412 (d)(2)(G), a "final judgment" means a judgment that is final and not appealable. The Sixth Circuit issued an Order [28] vacating and remanding the case for reconsideration on March 22, 2012. This Court issued an Order [31] remanding the case to the ALJ for reconsideration on April 25, 2012. A final judgment following the remand was never entered.

The Commissioner could have sought review of the Sixth Circuit's March 22, 2012 Order [28] by means of certiorari. Pursuant to Supreme Court Rule 13(1), a petition for a writ of certiorari to review a judgment in any case is timely when it is filed within ninety days after entry of the judgment. In this case, the Commissioner would have had ninety days from the date of the Sixth Circuit's Order [28] (not from the date of the mandate) in which to file, providing a deadline of June 20, 2012. Sup. Ct. R. 13(3). However, the Commissioner did not file a writ of certiorari by this date, and the judgment became not appealable. Plaintiff then had thirty days from June 20, 2012 to file an application for attorney fees under the EAJA.  Therefore, the last day

to file a petition for attorney fees under the EAJA if Commissioner had sought review of the Sixth Circuit's Order [28] dated March 22, 2012 would have been July 30, 2012. Instead, Plaintiff filed its Application for Attorney Fees [33] on January 18, 2013.

Alternatively, the Commissioner could have appealed this Court's Order [31] dated April 25, 2012, which remanded the case to the Administrative Law Judge. This appeal would have been timely within sixty days of final judgment. 28 U.S.C. § 2107. Plaintiff concedes that final judgment was entered by September 24, 2012, which is 150 days from the Order [31] issued on April 25, 2012, pursuant to Fed. R. Civ. Pro. 58(c)(2)(B). After final judgment was deemed entered on September 24, 2012, the sixty-day appeal period began, and a notice of appeal would have been timely through November 23, 2012. Once the time to appeal to the Sixth Circuit passed, this Court's Order to Remand [31] became final and not appealable. Plaintiff argues that the Commissioner could have sought review of this Court's Remand Order [31] by writ of certiorari to the Supreme Court, but failed to cite any authority to support this argument. After the Court's Order [31] became final and not appealable on November 23, 2012, the thirty-day period in which to file an EAJA application began, and it ended on December 24, 2012. 28 U.S.C. § 2412(d)(1)(B). Again, Plaintiff instead filed the EAJA Application for Attorney Fees [33] on January 18, 2013.

4

### B. Equitable Tolling

Plaintiff has also failed to state a case for equitable tolling, which allows courts to toll a statute of limitations where "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). The Sixth Circuit has established five factors for determining whether to grant equitable tolling: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's resonableness in remaining ignorant of the legal requirement for filing his claim." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007). In this case, Plaintiff's counsel was aware of the deadline for filing an EAJA petition, yet miscalculated the time for filing. Since the miscalculation of the deadline did not unavoidably arise from circumstances beyond the litigant's control, Plaintiff has not established a case for equitable tolling. *Robertson*, 624 F.3d at 783.

### III. Conclusion

Plaintiff's petition for attorney fees under the Equal Access to Justice Act was untimely and Plaintiff failed to establish a case for equitable tolling.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Attorney Fees [33] is **DENIED**.

**SO ORDERED**.

<div style="margin-left:40%;">

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR U.S. DISTRICT JUDGE

</div>

Dated: August 19, 2013

6